The opinion of the Court was drawn up by
Kent, J.
This is a writ of entry on the mortgage given by Jenness to Kelley, described in the foregoing case in equity between the plaintiff and Jenness and Hill.
It is agreed that the title of both parties are the same as are involved in that suit in equity, and that each party introduces the same evidence as in that case, so far as the same is legally admissible in this case.
The result to which we have come in that case is that the mortgage now held by the defendant, Hill, is valid and outstanding and unpaid, notwithstanding the assignment to Jenness, — that by reason of the implied trust no discharge enured to the benefit of Kelley.
The counsel for the plaintiff very frankly admits that "if that mortgage is a present, subsisting and valid mortgage, it of course makes a full defence to this suit.”
But he insists that, having offered his mortgage, he makes out a prima facie case ; — that thereupon the defendant, introducing his mortgage, shows a prior title, but that the assignment of that mortgage put in by defendant, and adopted, by plaintiff, shows a transfer to Jenness, his warrantor. He claims that as he objects to all further testimony, as to the payments or other matters, the Court must of necessity give him judgment on the ground of estoppel, notwithstanding the decree in the equity suit.
It is not controverted that it is well settled law, that after a breach of the condition of a mortgage, the legal title is in the mortgagee, and that even after payment in full to him, *472 he may resist a suit at law, the only remedy being by a bill inequity. Wilson v. Ring, 40 Maine, 116.
It is contended that this rule can only apply, where it is attempted to prove the payment by parol, and that the nature of the evidence offered compels the Court to reject it, thus leaving the fact unproved. We do not so understand the cases.
The rule assumes that the payment is proved by legal and competent evidence.
The objection that is urged, is, that the proof offered contravenes the provisions of the statute of frauds — that the implied trust cannot, in a suit at law, be invoked, when the proof is by parol. But it is settled in all the cases, that this implied trust may be shown by parol proof of the payment, notwithstanding the statute of frauds. The whole doctrine rests, for its foundation, on the avoidance (if it may be so termed) of the statute of frauds.
• It may be proved in a suit at law, as well as in equity. Indeed most of the cases, cited in the equity case, were suits’ of ejectment at common law. It is called in our statute "trust arising or resulting by implication of law.”
If the deed from Jenness to Kelley had been an absolute deed in fee with warranty, and not in mortgage, Jenness having no title, and if he had taken a title in fee from the true owners afterwards, the suit by Kelley, to avail himself of the estoppel, must have been at law. If Jenness, in fact, had taken such subsequent deed charged with a trust, implied in favor of Hill, by reason of the payment of the consideration — unless he could prove it by parol he would be without remedy, in a suit at law.
This suit is by a second mortgagee, against the first mortgagee. At best, the plaintiff can only claim, that as to her and the estate she represents, the first mortgage has, by operation of law, been paid, and is discharged. If this were so, we have seen that, by all the authorities, no action at law could have been sustained on the ground of payment after breach. The only remedy is in'equity. But we have decid *473 ed that the mortgage has not been discharged, but is outstanding. We see no reason why Hill may not prove the facts in this suit at law, by parol, which, having been established in the suit in equity, have satisfied us that the mortgage he holds is valid and undischarged.

Plaintiff nonsuit.

Appleton, C. J., Rios, Cutting, Davis and Walton, JJ., concurred.

 This ease was commenced and tried in Piscataquis county, but having been argued and decided in connection with the preceding equity case in Penobscot county, is more conveniently inserted here.